O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1950 AHM (FFMx) | Date | March 23, 2010 |
|---|---|---|---|
| Title | CHRISTINE LAYFIELD v. INDYMAC BANCORP, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On March 18, 2010, Plaintiff Christine Layfield ("Plaintiff") filed this action against Defendants IndyMac Bancorp, Onewest Bank, FSB, and Chardonnay Escrow, Inc., alleging civil conspiracy, breach of contract, unfair business acts and practices under California's Unfair Competition Law, and violations of various California statutes. Plaintiff's claims arise out of a mortgage loan transaction with Defendants that occurred on or about April 15, 2005.

In her Complaint, Plaintiff alleges no federal question. *See* 28 U.S.C. § 1331. Nor does Plaintiff specifically allege diversity jurisdiction under 28 U.S.C. § 1332.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425 (1987). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different State." 28 U.S.C. § 1332(a). A "corporation [is] deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . ." *Id.* at 1332(c)(1).

In this case, Plaintiff's complaint fails to allege that (1) she and Defendants are citizens of different states and (2) the amount in controversy is $75,000 or more. Thus, Plaintiff's assertions fail to establish diversity jurisdiction.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1950 AHM (FFMx) | Date | March 23, 2010 |
|---|---|---|---|
| Title | CHRISTINE LAYFIELD v. INDYMAC BANCORP, *et al*. | | |

    Nor does the Complaint present a federal question. All of her claims arise under state law. Plaintiff's passing references to federal law in her seventh and eighth claims[1] for relief under Cal. Bus. & Prof. Code § 17200 and her ninth claim for declaratory relief do not present claims that "arise under" federal law. *See Cottrell v. Old Republic Title Ins. Co.*, No. C 07-0852 MMC, 2007 WL 951278 *1 (N.D. Cal. Mar. 27, 2007) (concluding that federal jurisdiction "cannot be established where a plaintiff's state law claims are based on violations of both federal and state law, because, under such circumstances, 'federal law is not a necessary element of the claim'") (quoting *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996)); *California v. H&R Block, Inc.*, No. C06-2058-SC, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006) (incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law).

    Accordingly, and good cause appearing therefor, the Court hereby orders Plaintiff to SHOW CAUSE on or before April 2, 2010, why this action should not be dismissed for lack of jurisdiction. Failure to respond on or before that date will be construed as consent to dismissal.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1] Plaintiff's seventh and eighth claims for relief are identical.